840 F.2d 10
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edgar B. GREENE, Rose Anna Greene, Plaintiffs/Appellants,
v.
Carolina Freight Carriers, Defendant/Appellee.
 No. 87-1669.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 21, 1988.
Decided Feb. 19, 1988.
 
 Jeffrey B. Reed, Lantz, Palmer, Tebay & Reed on brief for appellant.
 Mary H. Sanders, Fowler & Sanders on brief for appellee.
 Before WINTER, Chief Judge, CHAPMAN, Circuit Judge and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiffs Edgar B. Greene and Rose Anna Greene filed a personal injury action against defendant Carolina Freight Carriers in the Circuit Court of Wood County, West Virginia. Defendant removed the case to the Southern District of West Virginia, and moved, at the conclusion of discovery, for summary judgment. The district court granted summary judgment in favor of defendant Carolina Freight Carriers, concluding as a matter of law that plaintiffs' suit did not fall within West Virginia's statutory exception to an employer's immunity under workers compensation laws. We affirm, and conclude that oral argument is not necessary to decide this appeal.
 
 I.
 
 2
 On January 25, 1986, plaintiff Edgar Greene fell from a truck owned and operated by his employer, defendant Carolina Freight Carriers, when a step he used to climb into the truck gave way. He fell onto his back, and allegedly incurred severe back and knee injuries. There is evidence in the record that defendant knew the step was unsafe. The district court found that defendant had asked a local mechanic to fix the step fifteen days before the accident, and that the mechanic did his best to weld the step but told defendant that he could not guarantee his work. Defendant ordered a new step, but did not remove the truck from service prior to Greene's accident.
 
 II.
 
 3
 The relevant West Virginia statute requires an employee to establish that his employer acted with deliberate intent to injure him. See W.Va. Code, Sec. 23-4-2(c)(2)(i). To establish deliberate intent, a plaintiff is required, in particular, to prove that the unsafe working condition was a violation of a rule or regulation specifically applicable to the work and working condition involved:
 
 
 4
 (C) That such specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of such employer, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions....
 
 
 5
 W.Va. Code Sec. 23-4-2(c)(2)(ii)(C). The district court rejected as a matter of law plaintiffs' argument that the alleged unsafe working condition, an unsafe step attached to defendant's vehicle, violated the following regulation promulgated by the Department of Transportation:
 
 
 6
 (a) General--Every motor carrier shall systematically inspect, repair, and maintain, or cause to be systematically inspected, repaired, and maintained, all motor vehicles subject to its control.
 
 
 7
 (1) Parts and accessories shall be in safe and proper operating condition at all times. These include those specified in Part 393 of this subchapter and any additional parts and accessories which may affect safety of operation, including but not limited to, frame and frame assemblies, suspension systems, axles and attaching parts, wheels and rims, and steering systems.
 
 
 8
 49 C.F.R. Sec. 396.3(a)(1) (1985). The court clearly did not err in concluding that this regulation is a general safety regulation, and not, as required by West Virginia law to establish defendant's deliberate intent, a "regulation ... specifically applicable to the particular work and working condition involved...." W.Va. Code Sec. 23-4-2(c)(2)(ii)(C). The statutory inference of deliberate intent in Sec. 23-4-2 is unwarranted where, as here, the regulation relied upon is unspecific.
 
 III.
 
 9
 Plaintiffs further contend that the district court improperly imposed upon them the burden of demonstrating that there was no genuine issue of material fact. The district court's opinion includes the following language:
 
 
 10
 [T]he issue having been raised by the Defendant on its summary judgment motion, the burden is on the Plaintiffs to demonstrate that there is a genuine issue of material fact with regard to the violation of a statute, rule, regulation or well-known standard as such pertains to the [vehicle] step. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986).
 
 
 11
 In Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court held that a moving party's initial burden could be satisfied by a " 'showing'--that is, pointing out to the District Court--that there is an absence of evidence to support the nonmoving party's case." 106 S.Ct. at 2554. The defendants in this case accept plaintiffs' facts as true for the purposes of summary judgment. The district court's language suggests the proper distribution of burdens on defendants' motion for summary judgment in such circumstances. After defendants presented a coherent legal analysis on why plaintiffs could not prevail as a matter of law, plaintiffs failed to persuade the district court that defendants' legal analysis was flawed or to establish the existence of a dispute as to a genuine issue of material fact.
 
 
 12
 AFFIRMED.